Larry **HEWITT**, Plaintiff,

v.

**CITY OF STANTON**, Anthony Sperl, Patricia Ridge, Defendants,

Anthony **SPERL**, Defendant/Cross-Claimant/Appellant,

and

Stephen **Yagman**, Appellant,

v.

**CITY OF STANTON**, Robert Ohlemann and Ronald Johnson, Defendants/Cross-Defendants/Appellees.

No. 85–5991.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 10, 1986.

Decided July 28, 1986.

Designated for Publication Aug. 29, 1986.

---

**1232**

Stephen Yagman, Los Angeles, Cal., for appellant.

Barry Levin, Westwood Village, Cal., for appellee.

Before WRIGHT and NELSON, Circuit Judges, and HOLLAND, District Judge*

* The Honorable Russell Holland, United States District Judge for the District of Alaska, sitting

**PER CURIAM:**

Stephen Yagman appeals sanctions imposed on him pursuant to Fed.R.Civ.P. 11 because his petition for removal was frivolous and interposed for the improper purpose of delay. We affirm the imposition of sanctions and the amount awarded. We also award the appellees $500.00 in attorney fees for the appeal.

The court sanctioned Yagman while he represented Anthony Sperl in a 42 U.S.C. § 1983 civil rights and state wrongful death action against Sperl, a former police officer, and Sperl's former employer, the City of Stanton. The court denied Yagman's petition for removal, remanded the action to state court, and awarded the co- and cross-defendants $1,500 in attorney fees as sanctions.

We review de novo the district court's imposition of Rule 11 sanctions based upon the legal conclusion that the facts constitute a Rule 11 violation. *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 828 (9th Cir.1986). Rule 11 empowers the district court to award sanctions against an attorney on two grounds: (1) for signing a paper that is frivolous, legally unreasonable, or without factual foundation; or (2) for interposing a paper for an improper purpose, such as harassment, unnecessary delay or needless increase in litigation costs. Fed.R.Civ.P. 11; *Zaldivar* at 831.

Yagman sought removal pursuant to 28 U.S.C. § 1441(b), federal question jurisdiction removal, and 28 U.S.C. § 1443, civil rights cases removal. Yagman's removal petition was frivolous, however, because he lacked a "good faith argument" for removal under both section 1441(b) and section 1443. *Id.*

First, Yagman failed to join the defendant, the City of Stanton, in the petition for removal. All defendants must join in a removal petition with the exception of nominal parties. 28 U.S.C. § 1446(b); *Chicago, R.I. & P. Co. v. Martin*, 178 U.S. 245,

by designation.

248, 20 S.Ct. 854, 855, 44 L.Ed. 1055 (1900); *Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressman & Assistants' Local 349*, 427 F.2d 325, 326–27 (5th Cir.1970). A defendant is a nominal party where his role is limited to that of a stakeholder or depositary. *Id.* at 327.

Yagman argued that the City was a nominal party because its liability was merely derivative and dependent on Sperl's liability. This argument is plainly frivolous. As a municipality, the City could be held liable even if the good faith qualified immunity defense would shield Sperl from liability. *Owen v. City of Independence*, 445 U.S. 622, 657, 100 S.Ct. 1398, 1418–19, 63 L.Ed.2d 673 (1980); *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 681 (9th Cir.1984). The City could also be liable under *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), even if Sperl were exonerated, as long as Sperl had, in fact, acted pursuant to municipal policy or regulation. *Heller v. Bushey*, 759 F.2d 1371, 1374–75 (9th Cir.1985). Thus, there is no legal basis for arguing that the City is a nominal party.

■ Second, the court had rejected Yagman's previous removal petition for failure to join all defendants. Here, Yagman argued that as nominal party the City need not be joined. As discussed above, however, this argument was frivolous. Thus, Yagman filed the second petition without having cured the deficiency in the first petition.

■ Finally, even if the City had joined in the removal petition, removal under section 1443 would nevertheless have been frivolous. To remove a civil rights case under section 1443, it must appear that the right allegedly denied arises under a federal law "providing for specific civil rights stated in terms of racial equality," and that the removal petitioner is denied or cannot enforce the specific federal right in state court. *Georgia v. Rachel*, 384 U.S. 780, 792, 86 S.Ct. 1783, 1790, 16 L.Ed.2d 925 (1966); *City of Greenwood v. Peacock*, 384 U.S. 808, 831, 86 S.Ct. 1800, 1814, 16 L.Ed.2d 944 (1966). On appeal, Yagman concedes that under *Georgia* and *Greenwood* section 1443 removal was never proper, but argues that Rule 11 sanctions are still inappropriate because at the time he sought removal, he was unaware of these cases, and thus, acted in good faith. Bad faith, however, is not required under Rule 11. *Zaldivar* at 829. Therefore, because a competent attorney admitted to practice before the district court should have known about these cases, Yagman did not have an arguable claim for section 1443 removal. *Id.* at 829–30.

■ We review the amount of sanctions imposed by the trial court under Rule 11 for an abuse of discretion. *Zaldivar* at 828. The district court awarded the co- and cross-defendants $1,500 in partial attorney fees for opposing Sperl's removal. This amount was neither excessive nor an abuse of the court's discretion.

■ The co- and cross-defendants now seek attorney fees as a sanction against Yagman for bringing an allegedly frivolous appeal. We have the discretion to impose sanctions for the filing of frivolous appeals. Fed.R.App.P. 38; *DeWitt v. Western Pacific Railroad Co.*, 719 F.2d 1448, 1451 (9th Cir.1983). "An appeal is frivolous if the result is obvious, or the arguments of error are wholly without merit." *Id.* (*citing McConnell v. Critchlow*, 661 F.2d 116, 118 (9th Cir.1981)). Because Yagman's removal petition was clearly frivolous, the imposition of Rule 11 sanctions was unquestionably appropriate. Accordingly, Yagman's appeal from the award of those sanctions is "wholly without merit." We award the appellees a total of $500 in attorney fees.