The STATE OF SOUTH CAROLINA, Plaintiff,

v.

Andre Deavin LINDSEY, Defendant.

Civ. A. No. M90–11–5.

United States District Court,
D. South Carolina,
Columbia Division.

July 5, 1990.

Curtis Murph, Asst. Sol., Columbia, S.C., for plaintiff.

John R. Harper II, Columbia, S.C., for defendant.

ORDER

HAMILTON, District Judge.

Petitioner, Andre Deavin Lindsey, the defendant in a State criminal prosecution for public disorderly conduct instituted in Richland County, South Carolina, seeks removal under 28 U.S.C. §§ 1443(1) and (2). The court has concluded that the petition for removal should be denied.

On August 20, 1989, the petitioner was arrested for allegedly unlawful conduct at Columbia Mall, a shopping mall located in Richland County, South Carolina. The next day, August 21, 1989, he was served with a warrant which charged him with the offense of disorderly conduct, S.C.Code Ann. § 16–17–530, and released on his own recognizance. On motion of the State, the venue of the action was transferred from the Dentsville Magistrate to the Lykesland Magistrate.[1] Petitioner thereafter waived his right to be tried in the Jury Area of the Lykesland Magisterial District and petitioned the Chief Magistrate of Richland County for countywide selection of jurors in his case. See § 22–2–170. At a status conference held June 21, 1990, the Lykesland Magistrate allegedly denied petitioner's request and informed the petitioner that he would be tried by jurors selected only from the Lykesland Jury Area. Petitioner alleges the Lykesland Jury Area has a considerably lower percentage of black jurors than does the venire from which jurors are selected countywide.

Petitioner contends the pending State prosecution against him for disorderly con-

---

1. Under South Carolina law, the "Jury Area" for magistrates' court is ordinarily less than countywide. S.C.Code Ann. § 22–2–190. Although magistrates have jurisdiction throughout the county in which they are appointed, they typically hold court in a Jury Area within the county. § 22–2–170.

duct violates his right to equal civil rights guaranteed by the Fourteenth Amendment. Petitioner also alleges that denial of his motion to be tried by a countywide jury, as allegedly required by South Carolina law, violates the Sixth Amendment.

Section 1443 provides in pertinent part:[2]

Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof....

28 U.S.C. § 1443(1).

■ It is universally recognized, however, that a petitioner must satisfy a two-part test to remove under § 1443(1). First, petitioner must show he is being denied rights guaranteed under a federal law "providing for specific civil rights *stated in terms of racial equality.*" *State of Georgia v. Rachel,* 384 U.S. 780, 792, 86 S.Ct. 1783, 1790, 16 L.Ed.2d 925 (1966) (emphasis added); *State of South Carolina v. Moore,* 447 F.2d 1067, 1070 (4th Cir.1971). "Thus statutes or constitutional provisions phrased in terms of general rights applicable to all citizens, rather than couched in the specific language of racial equality, will not provide a basis for removal under the statute." 14A C. Wright, A. Miller, & E. Cooper, *Federal Practice and Procedure,* § 3728, at 466 (footnote omitted). As noted by the court in *State of South Carolina v. Moore:* "It is plain from *Peacock [City of Greenwood, Miss. v. Peacock,* 384 U.S. 808, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966)] that the right of removal under § 1443(1) is

limited to cases in which the charged conduct *clearly* enjoys federal protection." 447 F.2d at 1070 (emphasis added).

As a second prerequisite to removal under § 1443(1), petitioner must demonstrate, by way of specific allegations, that he has been denied or cannot enforce the alleged federal civil right in the state court. 14A C. Wright, A. Miller, & E. Cooper, *supra,* § 3728, at 469. Of course, the purpose behind this second requirement is to avoid unnecessary federal interference with state judicial processes by giving state courts the first opportunity to correct alleged denials of civil rights. *See id.* at 469–70.

■ In the present case, however, petitioner's attempt at removal is best characterized as frivolous. As an initial matter, petitioner has wholly failed to show that he is being denied a right arising from any civil rights law by virtue of the pending State prosecution generally, or, alternatively, by the magistrate's denial of his motion to be tried by a countywide jury. Thus, the court need not even address the second requirement for § 1443(1) removal. Even if petitioner could make a sufficient showing on the first prerequisite, however, his petition for removal would still fail because he has failed to demonstrate by specific allegations that he cannot enforce any such right in the courts of South Carolina. Indeed, assuming the magistrate has erroneously determined that petitioner is not entitled to a countywide jury, as a matter of State law, and that this determination violates federal civil rights law, it is prudent to give the State appellate courts first opportunity to correct this alleged error. Accordingly, petitioner has failed to demonstrate either of the essential prerequisites to removal under § 1443(1).

Based on the foregoing reasoning and cited authorities, petitioner's attempt at removal must be denied. 28 U.S.C.

---

**2.** Section 1443(2) is available only to federal officers and persons assisting such officers in the performance of their official duties. *City of Greenwood v. Peacock,* 384 U.S. 808, 815, 86

S.Ct. 1800, 1805, 16 L.Ed.2d 944 (1965); *State of North Carolina v. Grant,* 452 F.2d 780, 782 (4th Cir.1972). Petitioner's allegation that subsec-

§ 1443(1).[3]

IT IS SO ORDERED.

tion (2) entitles him to remove the State criminal prosecution is clearly frivolous.

**3.** Although it is obvious counsel for petitioner failed to conduct a reasonable inquiry to determine whether the present petition for removal was warranted by existing law or a good faith

argument for the extension, modification, or reversal of existing law, Rule 11, Fed.R.Civ. Proc., the court will nevertheless decline to impose sanctions for filing a clearly frivolous petition for removal. *But see Hewitt v. City of Stanton,* 798 F.2d 1230 (9th Cir.1986).