961 F.2d 219
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 FEDERAL DEPOSIT INSURANCE CORPORATION, as Manager of the
FSLIC Resolution Fund, as Receiver for First Texas Savings
Association, a savings association organized pursuant to the
laws of the State of Texas, Plaintiff-Appellee,
v.
OKC PARTNERS, LTD., a Texas limited partnership; James M.
An, an individual, Limited Partner; Eric David Bernsen, an
individual, Limited Partner; Gary L. Chappell, an
individual, Limited Partner; Lipscomb Norvell, Jr., an
individual, Limited Partner; Ronald D. Pephens, an
individual, Limited Partner; Andrew B. Phillips, an
individual, Limited Partner; Russell S. Sampson, an
individual, Limited Partner; 3300 Investments, an
unincorporated business association, Limited Partner; Allen
B. Craig, III, an individual and principal of 3300
Investments; C.R. Gregg, an individual and principal of
3300 Investments, Defendants,
and
Eagle/Texas Realty Company, Inc., a Texas corporation,
General Partner; Michael B. Birnie, an individual, Limited
Partner; Douglas A. Dawson, an individual, Limited Partner;
Dale B. Elmore, an individual, Limited Partner; C. Jackson
Grayson, Jr., an individual, Limited Partner; Hanaho, Ltd.,
a Texas limited partnership, Limited Partner; John J.
Redfern, III, an individual, General Partner of Hanaho,
Ltd.; John H. Lindsey, an individual, Limited Partner; Jay
W. Lorch, an individual, Limited Partner; Peter L. Marr, an
individual, Limited Partner; W.E. Penland, Jr., an
individual, Limited Partner; John J. Plotnik, an
individual, Limited Partner; Fred A. Sheriff, an
individual, Limited Partner; L.B. Windham, an individual,
Limited Partner, Defendants-Appellants,
First Gibralter Bank, FSB, a Federal Savings Bank, Intervenor.
 No. 91-6300.
 United States Court of Appeals, Tenth Circuit.
 April 10, 1992.
 
 Before EBEL and BARRETT, Circuit Judges, and KANE,* Senior District Judge.
 ORDER AND JUDGMENT**
 EBEL, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendants-appellants appeal from an order granting Plaintiff-appellee Federal Deposit Insurance Corporation's (FDIC) Motion For Summary Dismissal of Removal Petition Pursuant to 28 U.S.C. § 1446(c)(4) and remanding the case to the state court. Because we conclude that the order is not reviewable pursuant to 28 U.S.C. § 1447(d), we dismiss the appeal.
 
 
 3
 On March 30, 1988, First Texas Savings Association (First Texas) commenced this action in Oklahoma state court against Defendants OKC Partners, Ltd. and the general and limited partners of OKC Partners, seeking judgment on certain promissory notes and foreclosure of real estate mortgages on property owned by OKC Partners, as well as judgment on guaranty agreements and promissory notes executed by the individual partners. First Tex. Sav. Ass'n v. OKC Partners, Ltd., case No. CJ-88-3536. On or about May 22, 1988, OKC Partners filed a bankruptcy petition in the United States Bankruptcy Court for the Western District of Oklahoma. In re OKC Partners, Ltd., case No. 88-03395-TS. Case No. CJ-88-3536 was then removed to federal district court where it was referred to the bankruptcy court as Adversary Proceeding No. 88-0219.
 
 
 4
 On October 7, 1988, First Texas moved the bankruptcy court to abstain or remand case No. 88-0219 to state court. While that motion was pending, First Texas was declared insolvent and the Federal Savings and Loan Association was appointed its receiver. Substantially all of First Texas' assets were transferred to First Gibraltar Bank, which was permitted to intervene. On September 25, 1989, the federal district court remanded Adversary Proceeding No. 88-0219 to the state court.
 
 
 5
 Certain Defendants moved the state court to dismiss case No. CJ-88-3536 for failure to join the Federal Savings and Loan Association as an indispensable party. On November 30, 1989, the FDIC as manager of the FSLIC Resolution Fund (The Federal Savings and Loan Association's successor) and as receiver for First Texas, was substituted as plaintiff in lieu of First Texas in case No. CJ-88-3536.
 
 
 6
 Within thirty days of the receipt of the substitution order, certain Defendants filed a Notice of Removal to remove the action to federal district court.[1] The notice provided that "All Defendants who have been named in this action have indicated that at this time they have no objection to the removal of this case to this Court." Appellants' App. at 3.
 
 
 7
 On January 9, 1990, an Amended Notice of Removal was filed at the request of the clerk of court to "clarify the style of the case." Appellants' App. at 22. The amended notice incorporated and realleged the original Notice of Removal, and added to the caption as defendants James M. Andrew, David Eric Bernsen, Hanaho Ltd., Lipscomb Norvell, Jr., Ronald Pephens, Allen B. Craig, III, and C.R. Gregg.
 
 
 8
 Also on January 9, the FDIC filed a Motion for Summary Dismissal of Removal Petition Pursuant to 28 U.S.C. § 1446(c)(4) on the ground that, inter alia, Defendants David Eric Bernsen, Lipscomb Norvell, Jr., and Ronald D. Pephens had not agreed to or otherwise joined in the removal petition. The motion requested that the removal petition be dismissed and "that the action be transferred or remanded back to the state court." Appellants' App. at 26-27. Defendants objected to the motion, representing that although Bernsen, Norvell, and Pephens did not actually join in the removal petition, they had authorized counsel for the petitioning Defendants to represent that they did not object to removal.
 
 
 9
 In ruling on the motion the district court first observed that the case had "several unique aspects," Appellants' App. at 86, specifically, that the petitioning Defendants were appropriating the FDIC's right to remove under 12 U.S.C. § 1819[2] and the FDIC opposed removal. Additionally, while under 12 U.S.C. § 1819(b)(2)(A), suits to which the FDIC is a party are generally considered to have arisen under the laws of the United States, the complaint was for foreclosure, which is governed by Oklahoma state law. Finally, the district court found that not all Defendants joined in the petition for removal. The court deemed the final issue dispositive and did not rely on the first two issues.
 
 
 10
 The federal district court then noted that the procedural requirements for removal must be strictly adhered to, and that removal is permissible only if all defendants join in the petition. The court concluded that the removal petition was deficient in two respects: first, it stated that the nonpetitioning Defendants do not object "at this time;" second, the nonpetitioning Defendants had not personally informed the court of their consent to removal. The court granted the FDIC's motion and remanded the case to the state court. Appellants' App. at 89.
 
 
 11
 On February 12, 1990, all Defendants except Norvell, Bernsen, and Pephen filed a motion for reconsideration of the court's remand order. Also on February 12, 1990, Norvell, Bernsen, and Pephens filed a Combined Notice of Consent to Removal, Motion for Reconsideration, and Joinder in Motion for Reference to Bankruptcy Court,[3] in which they formally informed the federal district court of their consent to removal. They stated that on or about December 29, 1989, they informed counsel for the petitioning Defendants that they did not object to removal, and that counsel for those Defendants accurately represented Norvell, Bernsen, and Pephens' position in the removal petition. They requested reconsideration of the remand order based on these representations.
 
 
 12
 While the reconsideration motions were pending, certain Defendants, including Bernsen, Norvell, and Pephens, appealed from the remand order, case No. 90-6099, and petitioned this court for a writ of mandamus to compel the federal district court to assume jurisdiction of the action, case No. 90-6086.
 
 
 13
 On March 12, 1990, the federal district court issued an order declining to rule on the motions for reconsideration because 28 U.S.C. § 1447(d) provides that a remand order is not reviewable on appeal or otherwise, and because of the pendency of the appeal and mandamus proceeding in this court. On April 11, 1990, Defendants filed a notice of appeal from the March 12 order. Case No. 90-6143.
 
 
 14
 We denied the mandamus petition on April 26, 1990. We noted in the order that the motions for reconsideration rendered the notice of appeal in case No. 90-6099 a nullity, relying on Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 61 (1982). On December 5, 1990, we dismissed case No. 90-6099.
 
 
 15
 The federal district court entered an order January 14, 1991, again declining to take further action because it "remanded the case on grounds of procedural irregularities in the removal process as contemplated by 28 U.S.C. § 1447(c)," and such an order is immune from review under 28 U.S.C. § 1447(d). Appellee's Supplemental App. at 3-4. On May 28, 1991, we dismissed case No. 90-6143 because the pending motion for reconsideration had rendered that notice of appeal a nullity as well. The district court then denied the motions for reconsideration and the Motion for Reference to Bankruptcy Court as moot. Some of the Defendants then filed a notice of appeal from the February 2, 1990, remand order. They did not appeal from the July 30, 1991, order denying reconsideration.
 
 
 16
 28 U.S.C. § 1447(d) provides that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise" unless the action was removed under 28 U.S.C. § 1443. The present action was not removed under § 1443, so § 1447(d) appears to deprive this court of jurisdiction.
 
 
 17
 Defendants suggest that because the federal district court granted the FDIC's motion for summary dismissal, the order was not "an order remanding a case to the State court." We disagree. Regardless of the title used by the FDIC on its motion, the court's order expressly remanded the case to state court. The order is a remand order under § 1447(d).
 
 
 18
 Defendants' main contention in support of our jurisdiction is that under Thermtron Products, Inc. v. Hermansdorfer, 423 U.S. 336 (1976), appellate review of a remand order is permitted if a district court remands a case on grounds other than those provided in 28 U.S.C. § 1447(c). They argue that the federal district court remanded this action under 28 U.S.C. § 1446(c)(4),[4] not § 1447(c), and review is therefore available under Thermtron.
 
 
 19
 In Thermtron, the defendants removed a case to federal district court pursuant to 28 U.S.C. §§ 1441 and 1446. After reviewing its civil docket and finding no available time to try the action in the foreseeable future, the federal district court remanded the case to state court. The district court balanced the defendants' right to removal against the plaintiffs' right to a forum of their choice and to a speedy decision on the merits. It noted that the plaintiffs' right of redress was being severely impaired due to removal, and that defendants had made no showing of possible prejudice that might result from remand. Id. at 340-41.
 
 
 20
 Defendants petitioned the Court of Appeals for the Sixth Circuit for a writ of mandamus or prohibition. That court concluded that it had no jurisdiction to review the remand order because of the § 1447(d) prohibition against review, and denied the petition.
 
 
 21
 After granting certiorari, the Supreme Court held that review was not prohibited by § 1447(d). The Court first recited the established rule that § 1447(d) "prohibits review of all remand orders issued pursuant to § 1447(c) whether erroneous or not and whether review is sought by appeal or by extraordinary writ." Id. at 343. It then noted that the issue before the Court was whether § 1447(d) also bars review where a case was properly removed and is then remanded on grounds not authorized by § 1447(c).[5] Id.
 
 
 22
 The Court observed that the plaintiffs never questioned the propriety of the removal or the federal district court's jurisdiction. Further, the remand order did not mention § 1447(c) and was based on grounds wholly different from those included in this section. Id. at 344. The Court concluded that the federal district court exceeded its authority by remanding the action on grounds not permitted by § 1447(c). Id. at 345.
 
 
 23
 Turning to the question whether § 1447(d) bars review, the Court reasoned that § 1447(c) and (d) must be construed together because they are in pari materia. Id. at 345. It concluded that, while remand orders issued under § 1447(c) "and invoking the grounds specified therein" are immune from review under § 1447(d), id. at 346, because the district court remanded a properly removed case on grounds the court had no authority to consider, review was not barred by § 1447(d). Id. at 351.[6]
 
 
 24
 Revised § 1447(c) allows remand for "any defect in removal procedure." Dawson v. Orkin Exterminating Co., 736 F.Supp. 1049, 1054 (D.Colo.1990) (quoting 28 U.S.C. § 1447(c)). The failure of all defendants to join in a removal petition renders the petition procedurally defective, Cornwall v. Robinson, 654 F.2d 685, 686 (10th Cir.1981), and § 1447(c) requires that the district court remand the case. Fellhauer v. City of Geneva, 673 F.Supp. 1445, 1447 (N.D.Ill.1987).
 
 
 25
 Here, the FDIC's Motion for Dismissal of Removal Petition referred to § 1446(c)(4), which the FDIC now concedes was error. Answer Brief of Appellee at 5. The federal district court's order stated that the "Motion for Summary Dismissal of Removal Petition Pursuant to 28 U.S.C. § 1446(c)(4) is granted." However, we will ignore the district court's incorrect statutory reference where it is apparent the court remanded the action because not all Defendants joined in the petition or properly consented to removal, which is a basis for remand under § 1447(c).[7] See Kunzi v. Pan Am. World Airways, Inc., 833 F.2d 1291, 1294 n. 6 (9th Cir.1987) (appellate court ignores district court's reference to nonexistent statute as basis for remand where it was apparent district court was relying on § 1447(c)).
 
 
 26
 A remand order is unreviewable if the federal district court purports to remand on grounds specified in § 1447(c), even if the court's decision concerning those grounds is wrong. FDIC v. Alley, 820 F.2d 1121, 1123 (10th Cir.1987). The order is therefore unreviewable, and we lack jurisdiction of this appeal. Having reached this conclusion, we express no opinion as to the correctness of the federal district court's decision.
 
 
 27
 The appeal is DISMISSED.
 
 
 
 *
 Honorable John L. Kane, Jr., Senior District Judge, United States District Court for the District of Colorado, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 28 U.S.C. § 1446(b) provides in relevant part that "[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of ... [any] other paper from which it may first be ascertained that the case is one which is or has become removable...." The petitioning Defendants' theory was that once the FDIC became the plaintiff, the case could be removed under 12 U.S.C. § 1819. 12 U.S.C. § 1819(b)(2)(B) provides generally that "the [FDIC] may ... remove any action, suit, or proceeding from a State court to the appropriate United States district court."
 
 
 [2]
 The district court incorrectly referred to this statute as 12 U.S.C. § 1219. However, within the context of its opinion it is clear that it intended to refer to 12 U.S.C. § 1819
 
 
 [3]
 Before the federal district court remanded the case to state court, certain Defendants filed a Motion for Reference to Bankruptcy Court representing that all parties had consented to the bankruptcy court's retention of jurisdiction over an issue regarding the validity of an assignment of rents clause contained in First Texas' (now First Gibraltar's) loan agreements. The motion requested that, for purposes of clarification, the federal district court specifically confirm the bankruptcy court's retention of jurisdiction. Appellants' App. at 41
 
 
 [4]
 This section applies to removal of criminal prosecutions
 
 
 [5]
 At the time, § 1447(c) permitted remand "[i]f at any time before final judgment it appears that the case was removed improvidently and without jurisdiction." This section now provides for remand on the basis of any defect in removal procedure or for lack of subject matter jurisdiction
 
 
 [6]
 The Court also noted that because an order remanding an action is not a final judgment reviewable by appeal, the remedy to review such an order is by mandamus, not writ of error. Id. at 352-53
 
 
 [7]
 The January 14, 1991, order made clear that the court remanded the action "on grounds of procedural irregularities in the removal process as contemplated by 28 U.S.C. § 1447(c)." Appellee's Supplemental App. at 3