Larry M. MATHEWS, Plaintiff,

v.

The COUNTY OF FREMONT, WYOMING, by and through its Board of Commissioners; Joseph Lucero, as Sheriff of Fremont County, Wyoming; Joseph Lucero, individually; John S. "Jack" Coppack, Undersheriff of Fremont County, Wyoming, Defendants.

No. 93–CV–0127–J.

United States District Court,
D. Wyoming.

May 31, 1993.

Jill E. Kucera and Mark J. White, White, White & Roberts, Riverton, WY, for plaintiff.

Edward L. Newell, II, Fremont County, Travis W. Moffat, Moffat & McKee, Lander, WY, Hugh Kenny, Wyoming Atty. Gen., and Karen A. Byrne, Byrne Law Offices, Cheyenne, WY, for defendants.

## ORDER GRANTING MOTIONS TO REMAND

ALAN B. JOHNSON, Chief Judge.

The Motions to remand filed by Defendant Fremont County and Plaintiff came on for hearing on May 27, 1993. The Court, having considered the motions, the arguments of counsel, and being fully advised in the premises, FINDS and ORDERS as follows:

### Background

The complaint in this case was originally filed by plaintiff in the District Court of Fremont County, Wyoming, Ninth Judicial District, Civil Number 27605 on March 26, 1993. The record now before the Court does not reflect when the defendants were served with process in the state court proceeding. That record also discloses that the defendant Fremont County filed an answer in that proceeding on April 7, 1993 and that defendant Lucero filed an answer on April 20, 1993 and an amended answer on April 26, 1993. Defendant Joseph Lucero filed a Notice of Removal to federal court on April 26, 1993, pursuant to 28 U.S.C. § 1446(a).

The complaint includes the following allegations: Plaintiff was employed as a Deputy Sheriff in Fremont County since 1977. Lucero is the elected Sheriff of Fremont County, and Defendant Coppack was the Undersheriff, as well as plaintiff's supervisor. Plaintiff has alleged that he has filed claims, pursuant to the Wyoming Governmental Claims Act, against the Board of County Commissioners for Fremont County, and both Lucero and Coppack. Plaintiff's complaint asserts a claim for wrongful termination of employment. In his complaint he asserts a number of different causes of actions, including 1) breach of contract against the County, through the Board of Commissioners, and Lucero in his capacity as Sheriff, 2) breach of implied covenant of good faith and fair dealing, 3) wrongful demotion against the County, through the Board of County Commissioners, and Lucero in his capacity as Sheriff, 4) a claim for deprivation of property without due process, in violation of the Fifth Amendment and 42 U.S.C. § 1983, against the County, through the Board of Commissioners, and Lucero in his capacity as Sheriff and individually, 5) a claim for a denial of equal protection and pursuant to 42 U.S.C. § 1983 against the County, through the Board of County Commissioners, Lucero, individually and in his official capacity, Coppack, individually and in his official capacity, and 6) deprivation of first amendment rights, also in violation of § 1983, against the County, through the Board of County Commissioners, Lucero, individually and in his official capacity, and Coppack, individually and in his official capacity.

The complaint seeks a declaration that the defendants are in violation of the First Amendment, 42 U.S.C. § 1983 and the Wyoming Constitution. In it, Plaintiff also seeks reinstatement to active employment as a deputy sheriff, back wages, benefits, seniority, and all other terms and conditions of employment as a deputy sheriff from March 18, 1992 to the present, as well as compensatory, punitive, and exemplary damages, costs and attorneys' fees.

The factual disputes in the case concern matters relating to plaintiff's employment with and subsequent dismissal from the Fremont County Sheriff's Department. The sheriff's department had a manual with policies and procedures regarding discipline and discharge of employees, provided to deputy sheriffs with the expectation that they would rely upon the manual. Plaintiff claims the manual's policies and procedures were not followed. Additionally, during the 1990 election, plaintiff supported the reelection of incumbent Sheriff McKinney. That election race was won by defendant Sheriff Lucero.

Plaintiff was a Captain in the department from 1982 until January 1991. Plaintiff claims Lucero had informed plaintiff that he would no longer hold the position of Captain if Lucero won the election and that Coppack would hold the position of undersheriff. Plaintiff was also informed if there was a patrol position available, he could have that position. After the election, plaintiff's rank was lowered to patrol deputy and he received a decrease in salary. Plaintiff asserts that after Lucero took office, he became the subject of a continuing course of harassment, which ended up in his written employee records as written reprimands. The complaint describes a number of incidents which provide the basis for plaintiff's complaints, which are not detailed in this order at any length, some of which resulted in additional reprimands, suspensions without pay, disciplinary hearings, and ultimately dismissal.

Defendant County of Fremont, through the Board of Commissioners (Fremont County) has generally denied plaintiffs allegations, and asserts the complaint fails to state a claim against the county, pursuant to 12(b)(6), affirmatively alleges the plaintiff has failed to comply with the Wyoming Governmental Claims Act, that the county is entitled to immunity, that no policy or custom of Fremont County is the proximate cause of plaintiff's injuries or damages, that the matters complained of are the result of conduct of others over whom Fremont County has no responsibility or control, that plaintiff has not exhausted his administrative remedies, and that the County is entitled to double reasonable expenses, plus reasonable attorney's fees.

Defendant Lucero generally denies the allegations, asserts governmental immunity under the Wyoming Governmental Claims Act, qualified immunity, failure to state a claim, plaintiff has failed to mitigate his claims, defendant's acts are authorized by law or privileged, and that

"extraordinary circumstances" exist in this case, under which defendant neither knew nor should have known of the relevant legal standard.

No answer for defendant Coppack is in the record now before the Court, although at the May 27, 1993 hearing, counsel for defendant Coppack advised that he had responded to plaintiff's allegations.

Fremont County now seeks an order remanding the case back to the Ninth Judicial District Court for the State of Wyoming. The County argues that there is a procedural defect in defendant Lucero's notice of removal which requires this Court to remand the case back to the state district court. Specifically, Fremont County argues that remand is appropriate because it has not joined in the petition for removal, nor has it consented to the removal.

Plaintiff Larry Mathews also has filed a motion for remand on the grounds that the action was improperly removed to the federal court and is not within the jurisdiction of this Court, again for the reason that all of the defendants named in the complaint and properly served in the action did not join in the notice of removal.

Defendant Lucero did not offer a written response to the motion to remand, but responded to the motion orally at the hearing. He argued that, because the complaint as-

serts claims against him under 42 U.S.C. § 1983, he has an absolute right to remove the case to federal court, relying on 28 U.S.C. § 1443. Defendant Coppack agreed with the arguments asserted by Lucero, and joined with Lucero's request that the case not be remanded to state court.

### Discussion

The right to litigate federal questions in federal courts is not absolute or unlimited. *Resident Advisory Bd. v. Tate*, 329 F.Supp. 427, 432 (E.D.Pa.1971). The issue before the Court now is whether the federal court must accept removal of the case from state court when a well-pleaded complaint asserts a claim under 42 U.S.C. § 1983. This is significant, of course, because Section 1983 claims are claims over which the federal and state courts exercise concurrent jurisdiction. *Howlett By and Through Howlett v. Rose*, 496 U.S. 356, 357, 110 S.Ct. 2430, 2433, 110 L.Ed.2d 332 (1990). The removal statutes permit a federal court to "encroach upon a state court's right to determine cases properly brought before that state court only with the express authority of Congress." *Resident Advisory Bd. v. Tate*, 329 F.Supp. 427, 431 (E.D.Pa.1971).

It has long been the general federal rule that all defendants must join in or consent to removal. *See e.g., Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir.1986); *Gallagher v. Mitsubishi*, 1990 WL 129611, 7 (N.D.Ill.1990) (unpublished opinion); *Hewitt v. City of Stanton*, 798 F.2d 1230, 1232 (9th Cir.1986). The rule requiring unanimity of defendants is the rule that continues to obtain in the Tenth Circuit as well. In *Cornwall v. Robinson*, 654 F.2d 685, 686 (10th Cir.1981), the Tenth Circuit stated that where "a co-defendant [...] did not join in the petition for removal [...] the petition was thus procedurally defective[,]" citing *Tri–Cities Newspapers, Inc. v. Tri–Cities Pressmen Local 349*, 427 F.2d 325 (5th Cir.1970). In the *Cornwall v. Robinson* case, as in this one, a non-consenting co-defendant and plaintiff both objected to the removal to federal court. *See also FDIC v. OKC Partners, Ltd.*, 961 F.2d 219 (10th Cir.1992) (unpublished disposition, text in Westlaw).

Removal statutes are to be "strictly construed to limit the federal court's authority to that expressly provided by Congress and to protect the states' judicial powers." *First Nat. Bank & Trust Co. v. Nicholas*, 768 F.Supp. 788, 790 (D.Kan.1991) (quoting *Cohen v. Hoard*, 696 F.Supp. 564, 565 (D.Kan. 1988)). Further, the party seeking removal always has the burden of showing the propriety of removal. *Id.; Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n. 1, 1195 (9th Cir.1988) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S.Ct. 35, 37, 66 L.Ed. 144 (1921)).

There are exceptions to the general rule requiring unanimity of all served defendants. For example, when a nonjoined or non-consenting defendant is merely a nominal party, removal may be appropriate, notwithstanding the failure to consent to removal. *Hewitt v. City of Stanton*, 798 F.2d at 1232; *First Nat. Bank & Trust Co. v. Nicholas*, 768 F.Supp. 788, 790 (D.Kan.1991). Indeed, defendant Lucero has argued that Fremont County is only a nominal defendant in this case and that removal to federal court is appropriate.

Nominal parties may be disregarded for removal purposes. The burden of establishing a party's nominal status rests with the party seeking removal. *Norman v. Cuomo*, 796 F.Supp. 654, 658 (N.D.N.Y.1992). This burden may be satisfied by demonstrating that "the non-consenting defendants, despite their presence in the suit, simply cannot afford the desired relief to the plaintiffs." *Id.* Courts have described nominal parties variously: "[A] party is considered nominal if 'no cause of action or claim for relief is or could be stated against him or on his behalf....'" *Id.* A nominal party has also been described as one that has no interest in the outcome of the litigation other than as a stakeholder or depository. *Hewitt v. City of Stanton*, 798 F.2d at 1233.

In this case, plaintiffs are asserting specific relief against Fremont County, a defendant who has not consented to nor joined in the removal to federal court. Fremont County argues that unquestionably it is more than a nominal party, contrary to the asser-

tions of defendant Lucero at the hearing. This Court agrees with Fremont County. Plaintiff seeks relief against all of the defendants, including Fremont County, in the form of damages, among other relief. Fremont County has more than a casual interest in protecting the public purse. It cannot be gainsaid that Fremont County is a mere stakeholder, depository or a nominal party with no interest in the outcome of the instant litigation.

■ Another exception to the general rule requiring unanimity of defendants for removal are cases where federal jurisdiction of a party is based on a separate and independent jurisdictional grant. These cases involve parties with statutory grants of party-based jurisdiction, examples being those cases involving the American National Red Cross or the F.D.I.C. *See, e.g., American National Red Cross v. S.G. & A.E.,* — U.S. ——, 112 S.Ct. 2465, 120 L.Ed.2d 201 (1992); *Roe v. Little Co. of Mary Hosp.,* 815 F.Supp. 241 (N.D.Ill.1992). In the instant case, however, this exception has no application, as there is no party with an independent, party-based jurisdictional grant with a substantive right to remove to federal court.

■ Finally, this Court must consider whether the fact that plaintiff's complaint asserts claims under 42 U.S.C. § 1983 requires removal in the absence of complete unanimity among defendants. The Court was unable to locate any caselaw which requires that Section 1983 claims be treated, for removal purposes, differently than any other federal statute giving the district court federal question jurisdiction. *Hewitt v. City of Stanton,* 798 F.2d 1230 (9th Cir.1986), was a case involving an appeal of an order of the district court imposing sanctions for a petition for removal found to be frivolous and interposed for the improper purpose of delay. The complaint in that case was one in which the plaintiff had asserted against the city a 42 U.S.C. § 1983 civil rights and state wrongful death action. Removal had been sought pursuant to 28 U.S.C. § 1441(b), federal question jurisdiction removal, and 28 U.S.C. § 1443. The defendant city had not been joined in the petition for removal.

In the case, it was argued that the City was a nominal party because its liability was derivative and dependent on the police officer's liability. That court stated the argument was frivolous, because "as a municipality, the City could be held liable even if the good faith qualified immunity defense would shield [the defendant] from liability[,]" 798 F.2d at 1233, among other reasons.

Additionally, the court noted that even if the city had joined in the removal petition, removal under section 1443 would nevertheless have been frivolous. To remove a civil rights case under section 1443, it must appear that the right allegedly denied arises under a federal law "providing for specific civil rights stated in terms of racial equality," and that the removal petitioner is denied or cannot enforce the specific federal right in state court.

*Id.* The court found the claim presented no basis for removal under section 1443. The Court believes this case represents a well reasoned approach for resolving the issues which are now before the Court. Because there are no allegations in the complaint asserting specific civil rights stated in terms of racial equality, removal under section 1443 in this case is not appropriate.

The Court has been unable to discern any reason why the prevailing Tenth Circuit rules regarding removal should not be applied in the instant case. Because there is no unanimity among defendants, the case should be remanded to the District Court of Fremont County, Wyoming, Ninth Judicial District, Civil Number 27605. Accordingly, and for the foregoing reasons, it is therefore

**ORDERED** that the Motion to Remand filed by the County of Fremont, Wyoming, by and through its Board of Commissioners, shall be, and is, **GRANTED.** It is further

**ORDERED** that the Motion for Remand filed by Plaintiff Larry M. Mathews shall be, and is, **GRANTED.**