**Carol D. KEIL, Plaintiff,**

v.

**CIGNA and Intracorp Rehab Management, Defendants.**

No. CIV.A. 97–WY–1564–AJ.

United States District Court, D. Colorado.

Sept. 15, 1997.

Gregg C. McReynolds, Gregg C. McReynolds, P.C., Englewood, CO, for Plaintiff.

Leslie Ann Eaton, Denise S. Maes, Ballard, Spahr, Andrews & Ingersoll, Denver, CO, for Defendants.

## ORDER ON REMOVAL

### and

## ORDER DENYING PLAINTIFF'S MOTION FOR REMAND

ALAN B. JOHNSON, Chief Judge.

The plaintiff's Objection to Notice of Removal and Motion for Remand, and the defendants' response thereto, came before the Court for consideration. The Court, having reviewed the motion and response, the pleadings of record, the applicable law, and being fully advised in the premises, FINDS and ORDERS as follows:

1. Plaintiff's complaint was commenced in the District Court for the City and County of Denver, Case No. 97–CV–2205, on April 17, 1997. In her complaint, plaintiff asserts two claims for relief against the defendants, including violations of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., and a state law public policy claim for wrongful termination.

2. Defendants were served with a copy of the Summons and Complaint on July 1, 1997.

3. Defendants CIGNA and Intracorp Rehab Management filed their notice of removal with the United States District Court for the District of Colorado on July 21, 1997. The Notice of Removal asserts that jurisdiction is appropriate in this court pursuant to 28 U.S.C. § 1331, federal question jurisdiction. In the Notice of Removal, defendants state no hearings had yet been set in the Colorado state court, and attached a copy of the complaint and jury demand that had been filed in the action.

4. Plaintiff filed an objection to the Notice of Removal and Motion for Remand on July 31, 1997. In her objection she asserts that the case should be remanded to state court. Plaintiff contends that remand is appropriate in a case where a specific jurisdictional statute has been enacted by Congress providing for concurrent jurisdiction in state and federal court and states that no purpose would be served by allowing routine removal to the federal court. Plaintiff also contends that allowing removal in concurrent jurisdiction cases limits plaintiff's right to choose a forum, and "eliminates for practical purposes, state courts from hearing these cases." She cites no case authority in support of her arguments, and acknowledges that at least one district court in the Tenth Circuit has held to the contrary, finding that the existence of concurrent jurisdiction does not necessitate remand under 28 U.S.C. § 1447.

5. The defendants' response to the plaintiff's objection argues that the plaintiff's motion to remand should be denied. Defendants assert that removal is proper because this Court has original jurisdiction over plaintiff's claim under the Americans with Disabilities Act (ADA). The existence of concurrent jurisdiction does not prohibit removal to federal court. Furthermore, Congress has expressly provided that certain claims may not be removed to federal courts, including by way of example, actions under state workers' compensation law and certain actions against railroads. 28 U.S.C. § 1445, entitled "Nonremovable actions." If Congress had desired to make ADA cases nonremovable, it could have done so, but did not enact such a provision. Defendants also argue that case law supports removal of this action notwithstanding the existence of concurrent jurisdiction in state and federal court over ADA claims.

6. The Court finds that removal is proper in this case and that plaintiff's argument that the existence of concurrent jurisdiction precludes removal is without merit.

7. Title 28, Section 1441 is the applicable general statutory provision governing removal. That section provides, in its entirety, as follows:

(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have origi-

nal jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removal without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

(c) Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

(d) Any civil action brought in a State court against a foreign state as defined in section 1603(a) of this title may be removed by the foreign state to the district court of the United States for the district and division embracing the place where such action is pending. Upon removal the action shall be tried by the court without jury. Where removal is based upon this subsection, the time limitations of section 1446(b) of this chapter may be enlarged at any time for cause shown.

(e) The court to which such civil action is removed is not precluded from hearing and determining any claim in such civil action because the State court from which such civil action is removed did not have jurisdiction over that claim.

8. Title 28, Section 1446 provides the governing provisions as to the procedure and time for seeking removal, which reads in relevant part as follows:

(b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of the summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

9. The right to litigate federal questions in federal courts is not absolute or unlimited. *Resident Advisory Bd. v. Tate,* 329 F.Supp. 427, 432 (E.D.Pa.1971). The issue before the Court now is whether the federal court must accept removal of the case from state court in the circumstances described above. In this case, both the state and federal courts may exercise concurrent jurisdiction over plaintiff's federal ADA claim. 42 U.S.C. § 12117(a) (adopting powers, remedies, and procedures set forth in Title VII for ADA); 42 U.S.C. § 2000e–5. The removal statutes permit a federal court to "encroach upon a state court's right to determine cases properly brought before that state court only with the express authority of Congress." *Resident Advisory Bd. v. Tate,* 329 F.Supp. 427, 431 (E.D.Pa.1971).

10. The general federal rule requires all defendants to join in or consent to removal. *See e.g., Cornwall v. Robinson,* 654 F.2d 685, 686 (10th Cir.1981); *FDIC v. OKC Partners, Ltd.,* 961 F.2d 219 (10th Cir.1992) (unpublished disposition, text in Westlaw); *Brown v. Demco, Inc.,* 792 F.2d 478, 481 (5th Cir.1986); *Gallagher v. Max Madsen Mitsubishi,* 1990 WL 129611, *7 (N.D.Ill.1990) (un-

published opinion); *Hewitt v. City of Stanton,* 798 F.2d 1230, 1232 (9th Cir.1986). Both defendants have joined in the removal request in this case.

11. Removal statutes are to be "strictly construed to limit the federal court's authority to that expressly provided by Congress and to protect the states' judicial powers." *First Nat. Bank & Trust Co. v. Nicholas,* 768 F.Supp. 788, 790 (D.Kan.1991) (quoting *Cohen v. Hoard,* 696 F.Supp. 564, 565 (D.Kan.1988)). Further, the party seeking removal always has the burden of showing the propriety of removal. *Id.; Emrich v. Touche Ross & Co.,* 846 F.2d 1190, 1193 n. 1, 1195 (9th Cir.1988) (citing *Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92, 97, 42 S.Ct. 35, 37, 66 L.Ed. 144 (1921)).

12. Here, the Court finds that the defendants have carried the burden of showing the propriety of removal in this case. The notice of removal was filed in a timely fashion; the matter is one over which this Court has original jurisdiction.

13. Because 28 U.S.C. § 1441(a) specifically allows removal of cases from state court of civil actions over which the district court has original jurisdiction, it is clear defendants were entitled to remove this case to federal court. Plaintiff's first claim for relief is a federal claim over which the federal district court has original jurisdiction. The fact that state courts may have concurrent jurisdiction does not change this result so as to require remand to the state court. *Nielson v. Soltis,* 41 F.3d 1516 (Table), Unpublished Disposition, Text at 1994 WL 589460 (10th Cir.1994), citing *Dorsey v. City of Detroit,* 858 F.2d 338, 341 (6th Cir.1988); *Denette v. Life of Indiana Ins. Co.,* 693 F.Supp. 959, 967 (D.Colo.1988), also citing cases.

14. The Court finds that the entire case should remain in this Court and that remand of plaintiff's single state law claim is not appropriate. All of plaintiff's claims, state and federal, appear to arise out of the same transactions and incidents. Because it does not appear that there are matters in which state law predominates, the Court believes that it is an appropriate exercise of discretion to retain the entire case rather than remanding state law questions to the state courts for determination. Supplemental jurisdiction may be exercised pursuant to 28 U.S.C. § 1367 over the state law claims.

15. The Court finds, therefore, that plaintiff's Motion for Remand should be denied.

16. The Court further finds that an Order of Removal in this case should be entered.

Accordingly, and for the foregoing reasons, it is therefore

**ORDERED** that Plaintiff's Motion for Remand to State Court shall be, and is, **DENIED.** It is further

**ORDERED,** to the extent that the removing party may not yet have done so, pursuant to D.C.Colo.LR 81.2, the local rules of this Court, the removing party shall immediately file with the clerk of the state court a copy of the notice of removal. The clerk of the state court is hereby advised that jurisdiction over the parties and subject matter of the above-entitled action is deemed removed from the state court to the United States District Court for the District of Colorado upon the filing of the notice of removal with the clerk of the state court. It is

**ORDERED,** to the extent that the removing party may not yet have done so, that the removing party shall file with the Clerk of this Court copies of all records and proceedings in the state court within ten (10) days after receipt of this Order.