NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 24 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOE WICKERSHAM; CARTER
WICKERSHAM,

Plaintiffs-Appellants,

v.

STATE OF WASHINGTON; WENDY
WILLETTE,

Defendants-Appellees.

No.    15-35265

D.C. No. 2:13-cv-01778-JCC

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Argued and Submitted July 12, 2017
Seattle, Washington

Before:  MURPHY,[**] McKEOWN, and NGUYEN, Circuit Judges.

Plaintiffs Joe and Carter Wickersham ("the Wickershams") appeal the denial

of their motion to remand and the grant of summary judgment on qualified

immunity as to their Fourth Amendment claims brought under 42 U.S.C. § 1983.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Michael R. Murphy, United States Circuit Judge for
the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court did not err in denying the Wickershams' motion to remand. A defendant that has the consent of all other defendants may remove a civil action when the federal courts have original jurisdiction. 28 U.S.C. §§ 1441(a), 1446(b)(2)(A); *see also Hewitt v. City of Stanton*, 798 F.2d 1230, 1232 (9th Cir. 1986) (per curiam). Because all defendants, including the State of Washington, consented, removal here was procedurally proper. *Cf. Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613, 620 (2002) (discussing the separate issue of state sovereign immunity after removal to federal court).

The Wickershams failed to establish that Officer Willette's entry onto their property constitutes an unreasonable search under the Fourth Amendment. Namely, the Wickershams have not shown that Officer Willette was acting outside her authority under Wash. Rev. Code § 77.15.080 when she entered the property but did not see a woman actively fishing. In general, an officer whose actions are authorized by a duly enacted statute or ordinance is entitled to qualified immunity. *Grossman v. City of Portland*, 33 F.3d 1200, 1209 (9th Cir. 1994).

The Wickershams also cannot show that Officer Willette's shooting of their dog was an unreasonable seizure. Considering the totality of the circumstances, especially the uncontroverted testimony that the Wickershams' dog lunged at Officer Willette, her actions were reasonable. *See San Jose Charter of Hells*

*Angels Motorcycle Club v. City of San Jose*, 402 F.3d 962, 975–77 (9th Cir. 2005). Additionally, the Wickershams have failed to identify any clearly established law indicating that, under these facts, Officer Willette violated the law.  *See id.* at 971.

The totality of the circumstances indicates that Officer Willette did not unreasonably seize Joe Wickersham.  *See Franklin v. Foxworth*, 31 F.3d 873, 875–77 (9th Cir. 1994).  Further, Joe Wickersham has failed to identify any clearly established law indicating that, under these facts, Officer Willette violated the law. *See Hells Angels*, 402 F.3d at 971.

**AFFIRMED.**