

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 17 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LARA SHAPIRO, on her own behalf and as nominee for injured depositors in her non-segregated attorney client trust account (the Iolta Account),

        Plaintiff-Appellant,

 v.

CITIBANK, N.A.,

        Defendant-Appellee,

 and

JALEH RAD, Nominal Defendant against whom no claims are made herein; BEN RAD, Nominal Defendant against whom no claims are made herein; DOES, 1-50,

        Defendants.

No.   20-55934

D.C. No.
2:18-cv-09945-FMO-AGR

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Fernando M. Olguin, District Judge, Presiding

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted May 13, 2021[]
Pasadena, California

Before:  BYBEE and BRESS, Circuit Judges, and CARDONE,[***] District Judge.

Appellant Lara Shapiro challenges a district court order denying her motion to remand this suit against defendant-appellee Citibank, N.A.  The district court had jurisdiction under 28 U.S.C. § 1332, and we have jurisdiction under 28 U.S.C. § 1291.  We review de novo whether the district court had subject matter jurisdiction over the underlying action.  *Hajro v. USCIS*, 811 F.3d 1086, 1098 (9th Cir. 2016).  We likewise review de novo the denial of a motion to remand for lack of removal jurisdiction.  *United Comput. Sys., Inc. v. AT&T Corp.*, 298 F.3d 756, 760 (9th Cir. 2002).  The district court's findings of fact, however, receive clear-error review and will only by disturbed if we are "left with the definite and firm conviction that a mistake has been committed."  *Gonzalez-Caballero v. Mena*, 251 F.3d 789, 792 (9th Cir. 2001).  We affirm.

Assuming Shapiro has preserved the issue for our review, the district court correctly held that the Rads were nominal parties, so that the requirements of 28 U.S.C. § 1446(b)(2) did not apply.  Parties lacking a concrete interest in an

---

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Kathleen Cardone, United States District Judge for the Western District of Texas, sitting by designation.

underlying action may be deemed nominal parties for removal purposes. *See*

*Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1132 (9th Cir. 2002)

("the presence of a . . . nominal party [cannot] defeat removal on diversity

grounds"); *see also Nominal Party*, BLACK'S LAW DICTIONARY (11th ed. 2019).

This includes a party against whom no claims are brought, *S.E.C. v. Colello*, 139

F.3d 674, 676 (9th Cir. 1998), and whose role is limited to "that of a stakeholder"

in the underlying action, *Hewitt v. City of Stanton*, 798 F.2d 1230, 1233 (9th Cir.

1986).

The Rads did not make an appearance in the underlying action, did not have

any claims brought against them, and did not participate in the underlying case in

any meaningful way. Such inaction demonstrates that the Rads lacked the "vital

interest" necessary to avoid being deemed nominal parties. *See Lincoln Prop. Co.*

*v. Roche*, 546 U.S. 81, 92–93 (2005). Nor can Shapiro shield the Rads from

nominal-party status by claiming they are real parties in interest. Under California

law, a beneficiary to an express trust is not a real party in interest absent

circumstances not present here. *See Saks v. Damon Raike & Co.*, 8 Cal. Rptr. 2d

869, 874 (Cal. Ct. App. 1992). And "[t]here can be no reasonable dispute that an

attorney's client trust account is an express trust." *Prakashpalan v. Engstrom,*

*Lipscomb & Lack*, 167 Cal. Rptr. 3d 832, 848 (Cal. Ct. App. 2014). The Rads were nominal parties in this action, and § 1446(b)(2) thus did not apply.

Even if we thought the Rads could be considered adverse parties for purposes of 28 U.S.C. § 1446(d), Citibank's failure to notify them of removal was merely a procedural defect, which Shapiro waived. *See Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1065 (9th Cir. 1979) ("Procedural defects in the removal of an action may be waived by the failure to make a timely objection before the case proceeds to the merits."). Such waiver may be explicit or implicit. *See Smith v. Mylan Inc.*, 761 F.3d 1042, 1046 (9th Cir. 2014). Although Shapiro sought remand before this case proceeded to the merits, she did not advise the district court of Citibank's failure to cure or renew her objection to removal until several months after the one-year removal window expired. When Shapiro's counsel finally revived the issue, he did so to escape an adverse judgment due to his months of inaction in the case. Shapiro had thus forfeited her objection to any defect in the removal process.

**AFFIRMED.**