### GREAT HAWAIIAN FINANCIAL CORPORATION, a Hawaii corporation, Plaintiff,

v.

Benjamin AIU; Leslie Berger; Dr. Donald Corbin; Fujioka Investment Company; Myrtle Wong Hee, personal representative for the Estate of Ng Sheong Hee; Mrs. Albert Inaba; Norman N. Inaba; Norman N. Inaba, Trustee for Shari Y. Inaba & Daryl H. Inaba; Rod-

ney Y. Inaba; Iwao Kamemoto; Minoru Kanda; Maurice Karamatsu; Minoru Kimura; Kenichi Kondo; Clarence Kusumoto; Takeichi Miyashiro; Toshiko Mizuha; Richard Nakahara; Noboru Nakasone; Hideshi Niimi; Yoshi Nishimura; Yukitsugu Nishimura; Frank Ogawa; Norman Okamura; Kinzo Okumura; Robert Oshiro; Paiko, Inc.; Pyramid Investment Co.; H.M. Sakoda; Roy Shigemura; Chuck G. Shima; Kazuto Shimizu; Carl Shinoda; Kazuaki Tanaka; Masakazu Tanaka; Franklin Tokioka; Lionel Tokioka; Masayuki Tokioka; Tetsuo Tsutsuse; Gordon Uyeda, Trustee for Stacey Uyeda; Dr. Masaru Uyeda; Iwao Watanabe; Hirotoshi Yamamoto, and Edward Yoshimasu, Plaintiffs;

Leslie BERGER; Fujioka Investment Company; Benjamin Aiu; Dr. Donald Corbin; Iwao Kamemoto; Minoru Kanda; Minoru Kimura; Kenichi Kondo; Clarence Kusumoto; Takeichi Miyashiro; Toshiko Mizuha; Richard Nakahara; Noboru Nakasone; Hideshi Niimi; Yoshi Nishimura; Yukitsuga Nishimura; Norman Okamura; Kinzo Okumura; Roy Shigemura; Kazuto Shimizu; Carl Shinoda; Gordon Uyeda, Trustee for Stacey Uyeda, Cross-Claimants and Third-Party Plaintiffs,

v.

Norman INABA; Charles G. Shima; Masayuki Tokioka; Hirotoshi Yamamoto and Rodney Inaba, Cross-claim Defendants,

v.

George R. ARIYOSHI, Third-Party Defendant.

### GREAT HAWAIIAN FINANCIAL CORPORATION, a Hawaii corporation, Plaintiff,

v.

Francis AKO, Defendant, and

Francis AKO, Third-Party Plaintiff,

v.

Norman N. INABA; Hirotoshi Yamamoto; Masayuki Tokioka; Charles G.

---

Shima; Benjamin Aiu; Leslie Berger; Dr. Donald Corbin; Fujioka Investment Company; Sheong Hee; Jack Iida; Mrs. Albert Inaba; Norman N. Inaba, Trustee for Shari Y. Inaba & Daryl H. Inaba; Rodney Y. Inaba; Iwao Kamemoto; Minoru Kanada; Maurice Karamatsu; Minoru Kimura; Tom Kobuchi; Kenichi Kondo; James Kumashiro; Clarence Kusumoto; Takeichi Miyashiro; Toshiko Mizuha; Richard Nakahara; Noboru Nakasone; Mideshi Niimi; Yoshi Nishimura; Yukitsugu Nishimura; Frank Ogawa; Norman Okamura; Fujino Okuda; Kinzo Okumura; Robert Oshiro; Paiko, Inc.; Pyramid Investment Co.; H.M. Sakoda; Roy Shigemura; Kazuto Shimizu; Carl Shinoda; Kazuaki Tanaka; Masakazu Tanaka; Franklin Tokioka; Lionel Tokioka; Tetsuo Tsutsuse; Gordon Uyeda, Trustee for Stacey Uyeda; Dr. Masaru Uyeda; Masao Uyehara; Iwao Watanabe; and Edward Yoshimasu, Third-Party Defendants.

Civ. Nos. 85–0140, 85–0144.

United States District Court, D. Hawaii.

Aug. 5, 1987.

R. Charles Bocken, Michael J. Yoshii, Steven Guttman, Honolulu, Hawaii, for plaintiffs.

Arthur B. Reinwald, Hoddick Reinwald, O'Connor & Marrack, Thomas T. Watts, Kemper & Watts, Honolulu, Hawaii, for

third-party defendants Leslie Berger, Fujioka Inv. Co., Benjamin Aiu, Dr. Donald Corbin, Iwao Kamemoto, Minoru Kanda, Minoru Kimura, Kenichi Kondo, Clarence Kusumoto, Takeichi Miyashiro, Toshiko Mizuha, Richard Nakahara, Noboru Nakasone, Hideshi Niimi, Yoshi Nishimura, Yukitsuga Nishimura, Norman Okamura, Kinzo Okumura, Roy Shigemura, Kazuto Shimizu, Carl Shinoda, Gordon Uyeda, trustee for Stacey Uyeda, Tetsuo Tsutsuse, Kazuaki Tanaka, Masakazu Tanaka, Iwao Watanabe and Francis Ako.

Joh T. Miho, Eric T. Kawatani, Fong & Miho, William C. McCorriston, Sabrina S. McKenna, Goodsill, Anderson, Quinn & Stifel, Honolulu, Hawaii, for third-party defendants Norman N. Inaba, Pyramid Inv. Co., and Norman N. Inaba, trustee for Shari Y. Inaba and Daryl H. Inaba.

Gary Y. Okuda, Roy E. Takushi, Okumura, Takushi, Funaki & Wee, Honolulu, Hawaii, for third-party defendant Charles G. Shima.

Wallace S. Fujiyama, Paul H. Sato, Fujiyama, Duffy & Fujiyama, Honolulu, Hawaii, for third-party defendants Franklin Tokioka, Lionel Tokioka, Maurice Karamatsu, Masayuki Tokioka, Frank Ogawa, Tom Kobuchi and H.M. Sakoda.

Daniel S. Ukishima, Jay T. Suemori, Craig G.H. Yim, Ukishima & Matsubara, Honolulu, Hawaii, for third-party defendant Hirotoshi Yamamoto.

Stephen M. Okano, Patricia L. Shaughnessy, Okano & Wong, Honolulu, Hawaii, for third-party defendants Rodney Y. Inaba and Paiko, Inc.

Raymond Lee, Honolulu, Hawaii, for third-party defendant Robert Oshiro.

Bert T. Kobayashi, Lex R. Smith, Richard Yanagi, Kobayashi, Watanabe, Sugita & Kawashima, Honolulu, Hawaii, for third-party defendant George R. Ariyoshi.

Steven Guttman, Honolulu, Hawaii, for plaintiff Great Hawaiian Financial Corp. (Civil No. 85–0144).

## MEMORANDUM DECISION ASSESSING SANCTIONS AGAINST PLAINTIFF AND PLAINTIFF'S COUNSEL

PENCE, Senior District Judge.

The matter submitted is whether the court should award sanctions to the Innocent Investors for their attorneys' fees incurred in opposing Great Hawaiian Financial Corporation's ("GHFC") motion for reconsideration of this court's order granting summary judgment to all defendants on Count I of the complaint.

### Factual Background

Norman Inaba and two corporations controlled by him, GHFC and Pyramid Inc., formed Hilolani Acres Joint Venture ("HAJV") in the early 1960's. The sole purpose of this partnership was to develop, promote, and sell the Kaumana City Property. The partnership was controlled by four managers, Norman Inaba, Chuck Shima, Masayuki Tokioka, and Hirotoshi Yamamoto. HAJV also had thirty plus passive general partners, including those defendants represented by Mr. Arthur Reinwald ("the Innocent Investors").

On December 31, 1971, without notice to the passive partners, the managers conveyed the Kaumana City Property to Great Hawaiian Mortgage Corporation, wholly owned by Inaba, and the three managers other than Inaba withdrew from any connection with the partnership. Thereafter, GHFC made a number of loans to HAJV, evidenced by nineteen promissory notes, and billed HAJV for office rent.

GHFC sued all partners of HAJV, asserting their joint and several liability for the debts. Count I of the complaint alleges the primary liability of HAJV for the loans and rent, and the resulting liability of all defendants as partners. Count I is the only count against the Innocent Investors.

### Procedural History

The Innocent Investors moved for summary judgment and all other defendants joined. On December 3, 1986, this court granted summary judgment to all defendants except Norman Inaba as to count I. This court held that HAJV had been dis-

solved by the events of December 31, 1971, and therefore, the former partners could not be liable for any obligations of HAJV that were not incurred in the winding up of the partnership.

On December 16, 1986, GHFC filed a motion for reconsideration of the summary judgment order, or in the alternative, certification under Fed.R.Civ.P. 54(b). The Innocent Investors filed a memorandum in opposition to reconsideration of the summary judgment order, but did not oppose certification. The other defendants joined.

On February 26, 1987, this court denied the motion for reconsideration and granted the motion for certification. After some discussion among the parties, a final judgment order was entered on March 24, 1987. On March 27, the Innocent Investors brought a motion to recover fees and costs as prevailing parties, in which they also moved for an award of $1,872 as sanctions for GHFC's frivolous motion to reconsider.

After two hearings, the court has decided the matter of attorneys' fees and costs for prevailing parties. However, the court took under advisement the matter of sanctions against GHFC, or its attorneys. GHFC opposes the request for sanctions. *The Merits of the Motion for Reconsideration*

■ Although the court has already denied the motion to reconsider, the merits of the motion are relevant to the question of sanctions. A motion for reconsideration must do two things. First, it must demonstrate some reason why the court should reconsider its prior decision. Second, it must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. Courts have distilled three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F.Supp. 656, 665 (E.D.Cal.1986); *see also Major v. Benton*, 647 F.2d 110, 112 (10th Cir.1981).

GHFC did not state the grounds upon which it desired this court to reconsider its order. Although it offered some additional evidence and presented some additional arguments, essentially this motion simply reargued GHFC's prior positions, which this court rejected in granting summary judgment. Thus, the motion could have been rejected on the basis that it failed to even assert a reason why this court should reconsider its order. The court inferred from the motion that the grounds for reconsideration were newly discovered evidence and judicial mistake resulting in a clear error of law. In opposing sanctions, GHFC's counsel now states that "new evidence" was the basis for the motion.

### A. *Newly Discovered Evidence*

The "newly discovered evidence" GHFC submitted in support of the motion comprised four exhibits and one affidavit not previously presented. The exhibits are excerpts of deposition testimony of Franklin Tokioka taken August 14, 1986, of Lionel Tokioka taken August 18, 1986, and of Rodney Inaba taken July 16, 1985, and an insurance policy dated October 8, 1980. The affidavit is that of Tamotsu Tanaka.

■ To support a motion for reconsideration of a grant of summary judgment based upon newly discovered evidence, the movant is obliged to show not only that this evidence was newly discovered or unknown to it until after the hearing, but also that it could not with reasonable diligence have discovered and produced such evidence at the hearing. *Engelhard Industries, Inc. v. Research Instrumental Corp.*, 324 F.2d 347, 352 (9th Cir.1963), *cert. denied*, 377 U.S. 923, 84 S.Ct. 1220, 12 L.Ed.2d 215 (1964). If the proffered evidence was available before disposition of the motion for summary judgment, then as a matter of law the movant is not entitled to reconsideration based upon that evidence. *Trentacosta v. Frontier Pac. Aircraft Industries*, 813 F.2d 1553, 1557–58 n. 4 (9th Cir.1987); *Frederick S. Wyle P.C. v. Texaco, Inc.*, 764 F.2d 604, 609 (9th Cir. 1985).

Here, GHFC did not, and does not, assert that any of its "new" evidence was unavailable before the hearing of the summary judgment motion on September 18, 1986, or attempt to explain why this evidence was not offered before. The depositions had been taken one month and fourteen months before the hearing of the motion for summary judgment. The insurance policy had apparently been in GHFC's possession since 1980. Tanaka apparently was Norman Inaba's lawyer and testified in the affidavit concerning events transpiring in 1971. There is no showing that any of this evidence was unavailable to GHFC at the time of the hearing on the summary judgment motion. In fact, the evidence on its face establishes that it was readily available.

As a matter of law, GHFC may not move for reconsideration based upon the proffered evidence. Since GHGC's counsel now asserts that "new evidence" was the sole ground for the motion to reconsider, the motion clearly had no basis in law.

B. *Clear Error of Law*

Another possible ground for the motion to reconsider, is clear error of law. In this circuit, a motion for reconsideration may be brought on the basis of judicial mistakes, as well as mistakes of a party or his counsel. *Liberty Mutual Insurance Co. v. E.E.O.C.*, 691 F.2d 438, 441 (9th Cir.1982). However, a motion for reconsideration that presents no arguments that have not already been raised in opposition to summary judgment should be denied. *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir.1985); *see Bronson v. Swinney*, 648 F.Supp. 1094, 1102–03 (D.Nev. 1986).

In opposing sanctions, GHFC does not assert that clear error of law was a ground for its motion to reconsider. However, when it raised these arguments in the motion for reconsideration, it must have intended that the court consider them. GHFC improperly presented three arguments it raised before in opposing summary judgment:

(1) "The passive partners are estopped from denying their partnership status, based on their income tax returns." GHFC cited no new cases on this point. The court rejected this argument once when it granted summary judgment, and GHFC should not have presented it again. Its citations are inapposite, holding that the *IRS* may estop a party from denying representations made *to the IRS* in tax returns.

(2) "Even if the partnership was dissolved in 1971, it was immediately reformed and the dormant partners are still liable for post-dissolution contracts." This was GHFC's main argument in opposing summary judgment, relying upon the same authority subsequently cited in the motion to reconsider, *Block v. Lea*, 5 Haw.App. 266, 688 P.2d 724 (1984). The fact that counsel raised this argument again indicates a persistent refusal to understand basic partnership law, to the detriment of all parties involved.

(3) "Partners may charge a partnership interest on funds lent by the partner." This argument was made in GHFC'S first opposition to the summary judgment motion, was rejected by the court, and should not have been raised again. In the cited cases, one of which was cited before, the announced rule of law presupposes loans from a partner to an existing partnership with the knowledge and consent of his partners.

GHFC also raised in the reconsideration motion two arguments it failed to assert in opposing the summary judgment. However, it offered no reason or excuse for its failure to present these arguments before. A litigant should not be permitted to assert its arguments seriatim, especially after losing at summary judgment. *See Fay Corp. v. Bat Holdings I, Inc.*, 651 F.Supp. 307, 308–09 (W.D.Wash.1987). A motion for reconsideration is an improper vehicle to tender new legal theories not raised in opposition to summary judgment. *Rudell v. Comprehensive Accounting Corp.*, 802 F.2d 926, 933 (7th Cir.1986). The failure to raise the issues in opposition

to summary judgment is a waiver. *Publishers Resource v. Walker-Davis Publications*, 762 F.2d 557, 561 (7th Cir.1985). Moreover, here GHFC's "new" arguments had no persuasive force.

First, GHFC argued that the conveyance of the Kaumana City Property to GHMC did not dissolve the partnership. The Innocent Investors had argued, in the original summary judgment motion, that the conveyance of the property dissolved the partnership. GHFC's failure to respond to this argument before its motion to reconsider was unexplained. In any event, its belated response failed. GHFC asserted that the conveyance was a transfer of convenience to a "nominee," as provided for by the HAJV Agreement. However, the HAJV Agreement simply reflects the fact that title to partnership property may be held by all or some of the partners or by the partnership itself, and that for ease of future conveyancing one partner may be nominated to hold title to partnership property. Here the property was conveyed outside of the HAJV partnership to an entity wholly owned by Norman Inaba, which meant that the property, even if subject to a reversionary interest, was no longer owned by HAJV. The argument was specious.

Second, GHFC argued that H.R.S. § 425–118(c) compels a partner to charge a partnership interest on monies lent. Again, GHFC provided no explanation for its failure to raise this statute before. It previously cited H.R.S. § 425–118(b), so it should have been aware of the existence of the next subsection. In any event, the statute is a codification of the case law previously cited by GHFC and does not apply for the same reason; it presupposes a loan by a partner to an existing partnership with the knowledge and consent of his partners.

*Sanctions*

Fed.R.Civ.P. 11 empowers this court to award sanctions on two grounds: (1) for signing a paper that is frivolous, legally unreasonable, or without factual foundation; or (2) for interposing a paper for an improper purpose. *Hewitt v. City of Stanton*, 798 F.2d 1230, 1232 (9th Cir. 1986); *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 831 (9th Cir.1986). Both grounds are to be tested by an objective "reasonableness" standard. *Zaldivar*, 780 F.2d at 829, 831. Subjective bad faith is not required. *Lacina v. G–K Trucking*, 802 F.2d 1190, 1193 (9th Cir.1986); *Hewitt*, 798 F.2d at 1233; *Zaldivar*, 780 F.2d at 829.

In justifying his action in filing the motion to reconsider, GHFC's counsel makes the following points:

(1) He did not intend to cause delay.

(2) Three attorneys reviewed the motion, determined that it had merit, and felt that it was well grounded in fact and warranted by existing law.

(3) The alternative portion of the motion, for final judgment under Fed.R.Civ.P. 54(b), was successful.

(4) The Innocect Investors' memorandum in opposition to the motion to reconsider was only six pages long.

First, whether counsel intended to cause delay or not is relevant to the "improper purpose" prong of the Rule, but is irrelevant to the more applicable "frivolous" prong. Whether or not counsel intended to cause delay, the fact that he filed a frivolous motion, to which his opponents had to respond, justifies the imposition of sanctions.

Second, the opinions of counsel and his colleagues as to the merit of his motion are not binding on this court. Attorneys in this jurisdiction apparently have gotten into the unfortunate habit of filing motions to reconsider almost every decision they lose. That they may have gotten away with it before, and accordingly have lowered their standards as to the "merit" of such a motion, does not insulate them from liability.

Third, the fact that the alternative portion of the motion—a request for certification of a "final" judgment—was successful does not excuse the lack of merit of the motion to reconsider. The defendants were

required to oppose it, and the court was required to rule on it. The motion for certification was an entirely separate matter and should not excuse any malfeasance with respect to the motion to reconsider, or shield GHFC from sanctions arising from the motion to reconsider.

Fourth, the length of the Innocent Investor's opposition does not excuse a violation of Rule 11 by GHFC. Mr. Reinwald indicates that he spent 12 or more hours opposing the motion to reconsider. His customary fee is $150 per hour, which yields a fee of $1,800.00. Including 4% excise tax generates a total of $1,872.00.

An essential inquiry in the matter of sanctions is into the reasonableness of the claimed fees. *Matter of Yagman,* 796 F.2d 1165, 1185 (9th Cir.1986), *modified,* 803 F.2d 1085 (9th Cir.1986). The factors involved in evaluating attorneys' fees are: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Kerr v. Screen Extras Guild, Inc.,* 526 F.2d 67, 70 (9th Cir.1975), *cert. denied,* 425 U.S. 951, 96 S.Ct. 1726, 48 L.Ed.2d 195 (1976).

There is no need to rigidly apply all of the *Kerr* factors, but the court must make some evaluation of the fee breakdown submitted by counsel. *Yagman,* 796 F.2d at 1185; *Orange Production Credit v. Frontline Ventures Ltd.,* 792 F.2d 797, 801 (9th Cir.1986). Here, Mr. Reinwald spent 12 hours opposing the motion. His customary fee was $150 per hour. The circumstances required him to respond within 20 days, a period that included Christmas and New Years Day. He won.

His experience, reputation, and ability are obviously first rate. The case is not "desirable" in the sense that his clients are, as the record reflects, a group of Big Island residents of limited means. An award of $1,872.00 is similar to, actually lower than, other awards of sanctions for similar motions by this court. *See MGIC Indemnity Corp. v. Weisman,* 803 F.2d 500, 505 (9th Cir.1986).

THE COURT FINDS

1. that the motion to reconsider was frivolous and signed in violation of Fed.R. Civ.P. 11.

2. that Mr. Reinwald's fees, in the amount of $1,872.00, are reasonable after careful consideration of all the circumstances present in this case.

3. that Plaintiff Great Hawaiian Financial Corporation and its counsel, Damon Key Char & Bocken, are jointly and severally liable to the Innocent Investors in the amount of $1,872.00.

SO ORDERED.