**Pedro A. DONALDSON and Eriko Donaldson, Plaintiffs,**

**v.**

**LIBERTY MUTUAL INSURANCE COMPANY aka Liberty Mutual Insurance Group/Boston, Defendant.**

**Civil No. 94–958 BMK.**

United States District Court, D. Hawai'i.

Oct. 30, 1996.

Anthony H. Yusi, Horie & Yusi, Honolulu, HI, for plaintiffs.

Kathy K. Higham, Honolulu, HI, for defendant.

### ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION OF INTERLOCUTORY AMENDED ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS FILED SEPTEMBER 19, 1995

KURREN, United States Magistrate Judge.

On September 3, 1996, Plaintiff Pedro A. Donaldson ("Plaintiff") filed the instant Motion for Reconsideration of Interlocutory Amended Order Granting Defendant's Motion for Partial Judgment on the Pleadings Filed September 19, 1995 ("Motion"), to which a Memorandum in Opposition and Reply were filed. The matter came on for hearing before this court on October 25, 1996. After careful consideration of the pleadings and arguments of counsel, the court GRANTS Plaintiff's Motion.

### RECONSIDERATION STANDARD

The law is well settled in the Ninth Circuit that a successful motion for reconsideration must accomplish two goals. First, a motion for reconsideration must demonstrate reasons why the court should reconsider its prior decision. Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *Great Hawaiian Financial Corp. v. Aiu,* 116 F.R.D. 612, 616 (D.Hawai'i 1987) (citations omitted). Courts have established only three grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the discovery of new evidence not previously available; and (3) the need to correct clear or manifest error in law or fact, to prevent manifest injustice. *Id.* The District of Hawaii has implemented these standards in Local Rule 220-11.

### BACKGROUND

On April 26, 1992, Plaintiff operated a taxi cab insured by Liberty Mutual Insurance Company aka Liberty Mutual Insurance Group/Boston ("Defendant") under a policy issued to cab owner Roger Witte. While operating the taxi, unknown passengers allegedly assaulted and inflicted physical and psychological injuries on Plaintiff. Subsequently, Plaintiff claimed no-fault benefits under the policy, which he alleges Defendant wrongfully withheld.

Plaintiff filed the instant lawsuit against Defendant claiming, in part, that Defendant breached the implied covenant of good faith and fair dealing and/or for bad faith in delaying, failing to process or failing to pay promptly no-fault benefits due under the policy, resulting in emotional distress and men-

tal anguish (Count I). Additionally, Plaintiff claimed that Defendant engaged in unfair or deceptive acts or practices within the meaning of Haw.Rev.Stat. § 480–2 (Count III).

In his Amended Order Granting Defendant's Motion for Partial Summary Judgment on the Pleadings filed September 19, 1995, District Court Judge David A. Ezra dismissed Counts I, in part,[1] and III after concluding that Hawaii law did not recognize these claims in the insurance context. The dismissals were without prejudice because both issues were then on appeal to the Hawaii appellate courts. On February 23, 1996, the parties consented to have this case heard before a United States Magistrate Judge. Accordingly, the case was transferred to this court.

## DISCUSSION

### I. *Count I*

In his Amended Order, Judge Ezra found that in the insurance context, "there is no tort cause of action for a breach of the implied covenant of good faith and fair dealing or 'bad faith.'" Am.Order at 9. Subsequently, the Supreme Court of Hawaii determined that the tort of bad faith does exist in the first-party insurance context. *The Best Place, Inc. v. Penn America Ins. Co.*, 82 Hawai'i 120, 127, 920 P.2d 334, 341 (1996). The court held that:

> there is a legal duty, implied in a first- and third-party insurance contract, that the insurer must act in good faith in dealing with its insured, and a breach of that duty of good faith gives rise to an independent tort cause of action.... The implied covenant is breached, whether the carrier pays the claim or not, when its conduct damages the very protection or security which the insured sought to gain by buying insurance.

*Id.* at 132, 920 P.2d at 346 (internal quotation and citation omitted).

1. Count I also included a claim for breach of the implied covenant of good faith and fair dealing and/or bad faith for contract damages including the policy coverage amount and consequential damages. This claim was not dismissed.

2. As in the instant case, the covered person or third-party beneficiary in *Dawes* sought coverage

### A. *Definition of Insured*

■ Defendant contends that the Hawaii Supreme Court's holding in *The Best Place* applies only to insureds; thus, because Plaintiff, a covered person under Witte's insurance contract, is not defined as an insured in the no-fault insurance statute, Haw.Rev.Stat. § 431:10C–103(11), he lacks standing to bring his bad faith claim. This court finds, however, that Plaintiff, a third party beneficiary of Witte's policy, is essentially an insured and to treat him otherwise makes no sense.

The Intermediate Court of Appeals has held that third-party beneficiaries of an insurance contract are entitled to the same benefits under the contract as insureds. *Dawes v. First Ins. Co. of Hawaii, Ltd.*, 77 Hawai'i 117, 133, 883 P.2d 38, 54 (1994).[2] The court found that a departure from a literal construction of the insurance statute was appropriate to prevent an inequitable, absurd result. *Id.* at 127–28, 883 P.2d at 48–49. This court predicts that Hawaii courts would depart from a literal reading of the statutory definition of an insured in the no-fault context to avoid an inequitable or absurd result.

### B. *Extension of first-party rights to third-party beneficiaries*

■ Secondly, Defendant urges the court to refrain from reinstating Count I arguing that Hawaii law does not recognize a bad faith cause of action in the absence of a contractual relationship. Defendant relies on a footnote in *The Best Place* where the court indicated that it declines to determine whether Hawaii law would recognize "a bad faith cause of action brought by an injured claimant against a third-party tortfeasors' (sic) insurance company." *Id.* at 125, 920 P.2d at 339. This court finds, however, that note 7 does not support Defendant's contention; rather, it simply shows that the Hawaii Supreme Court has not ruled on third-party bad faith causes of action to date.[3]

under the terms of the insured's insurance policy and not against a tortfeasor's insurance policy. 77 Hawai'i at 120, 883 P.2d at 41.

3. Defendant's reliance is further misplaced because Plaintiff is not an injured claimant bringing his claim against a third party tortfeasor's

In *The. Best Place,* the Hawaii Supreme Court noted approvingly that numerous states have adopted a bad faith tort cause of action in the first-party insurance context. 82 Hawai'i at 128, 920 P.2d at 342. A primary reason for this trend is an acknowledgment that the purpose of insurance would be defeated if an insurance company could delay or refuse to pay a valid claim without justification. *Id.* at 128–29, 920 P.2d at 342–43. Thus, the court stated that "[w]ithout the threat of a tort action, insurance companies have little incentive to promptly pay proceeds rightfully due to their insureds, as they stand to lose very little by delaying payment." *Id.* at 132, 920 P.2d at 346.

California courts have extended the tort of bad faith in the first-party insurance context to third-party beneficiaries of insurance policies. *See, e.g., Cancino v. Farmers Insurance Group,* 80 Cal.App.3d 335, 145 Cal.Rptr. 503 (1978) (citing *Johansen v. California State Automobile Ass'n. Inter–Insurance Bureau,* 15 Cal.3d 9, 123 Cal.Rptr. 288, 538 P.2d 744 (1975) and holding that an unnamed, but covered insured may bring a tortious bad faith claim against an insurance company).

In *Donald v. Liberty Mutual Ins. Co.,* 18 F.3d 474, 479 (7th Cir.1994), the Seventh Circuit, applying Indiana law, held that a third-party beneficiary of an insurance contract may sue for breach of a duty to deal with him in good faith. Indiana law prohibits an injured third party from suing a tortfeasor's insurer for handling a claim in bad faith. *Id.* at 482. The Seventh Circuit distinguished the plaintiff from the typical third party and predicted that Indiana courts would recognize the tort of bad faith for third-party beneficiaries. *Id.*

In *The Best Place,* the court defined a third-party claim as "one where the insurer contracts to defend the insured against claims made by third parties against the insured...." 82 Hawai'i at 124, n. 4, 920 P.2d at 338, n. 4. It went on to define a first-party claim as one "where the insurer agrees to pay claims submitted to it by the insured for losses suffered by the insured." *Id.* In the instant case, Plaintiff submitted claims to insurance company; he is a third party benefi-

Defendant for losses suffered as a third-party. beneficiary of the insurance contract. Plaintiff is not the typical third-party claimant who files a claim against a tortfeasor's insurance policy. Rather, Plaintiff, in seeking benefits under Witte's policy, is effectively that of a first party to an insurance contract.

■ In a diversity case, such as this, the court has an obligation to apply state law. Prior to *The Best Place,* all judges in this district rejected a bad faith cause of action in the insurance context because the Hawaii Supreme Court had not created such a cause of action. The judges in this district found that all indications supported their interpretation of state law, primarily in reliance on *Parnar v. Americana Hotels, Inc.,* 65 Haw. 370, 652 P.2d 625 (1982). Where there is no express statement by the Hawaii Supreme Court, and the Ninth Circuit has not interpreted a specific issue of state law, it is the duty of the federal district court to make its best prediction of what the Hawaii Supreme Court would do. In the absence of any direction, the court has refused to create state law. In light of *The Best Place,* however, there is no doubt that Hawaii law allows a bad faith claim in the first-party context. Furthermore, the Hawaii Supreme Court's reasoning is similar to that of courts in other states which have adopted tort causes of action for bad faith under circumstances similar to the instant case. Accordingly, this court concludes that the Hawaii Supreme Court, seeking to avoid an inequitable or absurd result, would agree with the reasoning of the courts cited above and allow Plaintiff's bad faith claim.

II. *Count III*

■ Judge Ezra summarily dismissed Count III. Am.Order at 9–10. When he issued the Amended Order, the law was well established in this district that deceptive acts or practices claims pursuant to Haw.Rev. Stat. § 480–2 were barred by the Hawaii Insurance Code. *See Genovia v. Jackson Nat'l Life Ins. Co.,* 795 F.Supp. 1036 (D.Haw. 1992). The Ninth Circuit recently predicted

ciary of Witte's policy.

that the Hawaii Supreme Court would find that Haw.Rev.Stat. § 480–2 deceptive acts or practices claims are not preempted by the Hawaii Insurance Code. *Jenkins v. Commonwealth Land Title Ins. Co.,* 95 F.3d 791 (9th Cir.1996). The Ninth Circuit's construction of Hawaii law binds this court.

Defendant urges the court to deny Plaintiff's motion arguing that Plaintiff lacks standing to bring a § 480–2 claim because he is not a consumer. The statute limits standing to consumers, the Attorney General, or the director of the Office of Consumer Protection. Haw.Rev.Stat. § 480–2(d). In *Hunt v. First Insurance Co. of Hawaii,* 82 Hawai'i 363, 922 P.2d 976 (1996), the Intermediate Court of Appeals held that the plaintiff, a customer in a grocery store, was an intended third-party beneficiary of the store's commercial general liability policy, but lacked standing to sue the insurer under § 480–2 because she was not a consumer. *Id.* at 367, 373, 922 P.2d at 980, 986. Under the statute, a "consumer" is defined as "a natural person...." Haw.Rev.Stat. § 480–1. The plaintiff argued that as a third party beneficiary of the insurance policy, she could assert all contractual rights under the policy. *Id.* at 373, 922 P.2d at 986. The court dismissed her argument, not because she was a third party beneficiary, but because the first party grocery store was not a natural person and did not meet the definition of consumer. *Id.* Thus, Hawaii courts have not determined whether a third party beneficiary of an insurance contract has standing to bring a § 480–2 claim when the first party to the insurance contract is a consumer.

■ Once again, this court is obligated to predict what the Hawaii Supreme Court would do. In the instant case, Plaintiff stands in the shoes of the insured, for all intents and purposes. He is clearly an intended third party beneficiary and, pursuant to general contract law, is entitled to enforce the express and implied terms of Witte's insurance contract. *See Id.* at 367, 922 P.2d at 980. Furthermore, the Hawaii Supreme Court has extended the right to sue for injuries or damages to third party beneficiaries of an insurance contract in *Dawes,* 77 Hawai'i at 128, n. 12, 883 P.2d at 65, n. 12.

Accordingly, this court concludes that the Hawaii Supreme Court would find that Plaintiff, a third-party beneficiary of an insurance contract between Defendant and a consumer, has standing to bring a deceptive acts or practices claim pursuant to Haw.Rev.Stat. § 480–2.

*CONCLUSION*

Based on the intervening changes in the law and the discussion above, this court GRANTS Plaintiff's Motion for Reconsideration of Interlocutory Amended Order Granting Defendant's Motion for Partial Judgment on the Pleadings Filed September 19, 1995.

IT IS SO ORDERED.