James H. **OSBORNE,** and similar-situated Social Security Taxpayers Plaintiffs,

v.

**U.S. SECRETARY of the TREASURY, Robert E. Rubin and U.S. Attorney General Janet Reno, Defendants.**

No. CV 97–00836–DAE.

United States District Court, D. Hawaii.

Dec. 18, 1997.

Order Denying Reconsideration, Feb. 2, 1998.

James H. Osborne, Honolulu, pro se.

Theodore G. Meeker, Office of the United States Attorney, Honolulu, HI, for Robert E. Rubin, Janet Reno.

*ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT; DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT*

DAVID ALAN EZRA, District Judge.

Pursuant to Local Rule 7.2(d), the court finds this matter suitable for disposition without a hearing. After reviewing the parties' motions and the supporting and opposing memoranda, the court GRANTS Defendants' Motion to Dismiss Plaintiff's Complaint and DENIES Plaintiff's Motion for Summary Judgment.

### BACKGROUND

On June 16, 1997, *pro se* Plaintiff James H. Osborne ("Plaintiff") filed a Complaint against the United States Secretary of Treasury, Robert E. Rubin, and the United States Attorney General, Janet Reno (collectively referred to as "Defendants") on behalf of himself and other "similarly-situated Social Security taxpayers". In his Complaint, Plaintiff states that he is a "RETIRED MEMBER OF THE U.S.

GOV'T. SOCIAL SECURITY SYSTEM, AND PREVIOUS PAYER OF S.S. FICA TAXES." Plaintiff's Complaint, p. 1. Plaintiff states that the Defendants are "MEMBERS OF THE U.S. GOV'T., CURRENTLY EMPLOYED IN WASHINGTON D.C." *Id.* As the factual basis for his complaint, Plaintiff asserts "MISHANDLING OF ANNUAL SOCIAL SECURITY TRUST FUNDS FROM 1960–1996, BY IMPROPERLY ALLOWING SOCIAL SECURITY TRUST FUNDS TO BE SPENT FOR DEFICIT–REDUCTION, INSTEAD OF INVESTING THE FUNDS AS MANDATED BY THE SOCIAL SECURITY ACT OF 1935." *Id.* Plaintiff requests an immediate injunction "STOPPING THE SALES OF I.O.U.'S TO THE SOCIAL SECURITY TRUST FUND." *Id.* at p. 2. Plaintiff additionally requests that the court prohibit "THE USAGE OF SOCIAL SECURITY TRUST FUND ANNUAL SURPLUSES FROM BEING USED FOR DEFICIT–REDUCTION."

On September 24, 1997, Plaintiff filed a Motion for Summary Judgment. On November 18, 1997, Defendants filed a Motion to Dismiss Plaintiff's Complaint.

## STANDARD OF REVIEW

A motion to dismiss will be granted where the plaintiff fails to state a claim upon which relief can be granted. Fed. R.Civ.P. 12(b)(6). For the purposes of a 12(b)(6) motion, "[r]eview is limited to the contents of the complaint." *Clegg v. Cult Awareness Network,* 18 F.3d 752, 755 (9th Cir.1994).

A complaint should not be dismissed "unless it appears beyond doubt that plaintiff can prove no set of facts in support of [his] claim which would entitle [him] to relief." *Buckey v. County of Los Angeles,* 968 F.2d 791, 794 (9th Cir.1992) (quoting *Love v. United States,* 915 F.2d 1242, 1245 (9th Cir.1989)) (further citations omitted). All allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Id.* Civil rights complaints are to be liberally construed. *Id.*

(citing *Gobel v. Maricopa County,* 867 F.2d 1201, 1203 (9th Cir.1989)).

To the extent, however, that "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment." Fed.R.Civ.P. 12(b); *Del Monte Dunes at Monterey, Ltd. v. Monterey,* 920 F.2d 1496, 1507 (9th Cir.1990).

## DISCUSSION

In their Motion to Dismiss Plaintiff's Complaint, Defendants make two specific arguments in support of their contention that Plaintiff's Complaint should be dismissed. Defendants argue that the Complaint should be dismissed because: 1) Plaintiff lacks standing to bring this lawsuit and 2) Plaintiff fails to state a claim upon which relief may be granted. For the reasons discussed below, the court finds that Plaintiff does not have standing to bring this lawsuit. Therefore, Plaintiff's Complaint must be dismissed.

Under Article III, the "judicial power" of federal courts is limited to the resolution of "cases" and "controversies". The constitution thus empowers federal courts to adjudicate the legal rights of litigants who present actual controversies. *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.,* 454 U.S. 464, 471, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982). "The requirements of Art. III are not satisfied merely because a party requests a court of the United States to declare its legal rights, and has couched that request for forms of relief historically associated with courts of law in terms that have a familiar ring to those trained in the legal process." *Id.* The power to decide the rights of individuals "is legitimate only in the last resort, as a necessity in the determination of real, earnest and vital controversy." *Id.* (citation and internal quotation marks omitted).

As a necessary element of the "case" or "controversy" requirement, federal courts have required that a litigant have "standing to challenge the action sought to be

adjudicated in the lawsuit." *Id.* The standing doctrine is comprised of three elements. "First, the plaintiff must have suffered an 'injury in fact'—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual and imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. Third, it must be 'likely,' as opposed to merely 'speculative,' that the injury will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) (citations and internal quotation marks omitted); *see also San Diego County Gun Rights Committee v. Reno,* 98 F.3d 1121, 1126 (9th Cir.1996).

The party seeking to invoke the court's jurisdiction has the burden of establishing these elements. *Id.* at 561, 112 S.Ct. 2130. "At the pleading state, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we presume that general allegations embrace those specific facts that are necessary to support the claim." *Id.* (citations and internal quotation marks omitted).

In his complaint, Plaintiff does not provide any factual allegations which indicate that he has standing to bring this lawsuit. Plaintiff essentially argues that the Government has mishandled the administration of the Social Security system. However, aside from his general statement that he is "A RETIRED MEMBER OF THE U.S. GOV'T. SOCIAL SECURITY SYSTEM, AND PREVIOUS PAYER OF S.S. FICA TAXES", Plaintiff does not provide any information which suggests that he has suffered any direct injury as a result of Defendants' conduct. In his Response to Defendants' Motion to Dismiss, Plaintiff states that he filed this lawsuit because: "(1) Two of my children, age 40, had heard and read published materials, newspapers, periodicals, Radio and TV reports that

have caused them to believe that Social Security would not be there for them in the future when they were of retirement age, and (2) My letter writing to the President, Congress, and Gov't. Agencies from 1994–1997 was not causing Social Security to improve its shaky funding system." Plaintiff's Response to Defendants' Motion to Dismiss, p. 1.

■ Although the court can obviously understand Plaintiff's concerns, these generalized grievances do not provide Plaintiff with a sufficient interest in the outcome of this controversy to support the conclusion that Plaintiff has standing to bring this lawsuit. To proceed with this lawsuit, Plaintiff must show that he has been injured in a concrete and particularized way as a result of Defendants' conduct. In this case, Plaintiff has not presented any allegations concerning his alleged injury. Instead, Plaintiff purports to assert claims on behalf of all taxpayers, based on the Defendants' alleged responsibility for the mismanagement of Social Security system. However, a federal court is not the proper forum to raise generalized grievances about the conduct of the federal government. *See, e.g., Flast v. Cohen,* 392 U.S. 83, 106, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968). As Plaintiff has not presented any evidence of an alleged injury, aside from his general concern for the proper management of the Social Security system and its financial stability, the court finds that Plaintiff does not have sufficient standing to bring this lawsuit. Accordingly, the court GRANTS Defendants' Motion to Dismiss Plaintiff's Complaint.

### CONCLUSION

For the reasons stated above, the court GRANTS Defendants' Motion to Dismiss Plaintiff's Complaint and DENIES Plaintiff's Motion for Summary Judgment.

IT IS SO ORDERED.

### *ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION*

Pursuant to Local Rule 7.2(d), the court finds this matter suitable for disposition

without a hearing. After reviewing Plaintiff's motion and the supporting memoranda, the court DENIES Plaintiff's Motion for Reconsideration.

## BACKGROUND

On December 18, 1997, the court issued an Order Granting Defendants' Motion to Dismiss Plaintiff's Complaint and Denying Plaintiff's Motion for Partial Summary Judgment. The court dismissed Plaintiff's complaint based on a finding that Plaintiff James H. Osborne ("Osborne") lacked sufficient standing to bring this lawsuit. On December 23, 1997, Plaintiff filed a motion for reconsideration of the December 23 Order.

## STANDARD OF REVIEW

 The disposition of a motion for reconsideration is within the discretion of the district court and will not be reversed absent an abuse of discretion. *Plotkin v. Pacific Tel. & Tel. Co.*, 688 F.2d 1291, 1292 (9th Cir.1982). There is a "compelling interest in the finality of judgments which should not be lightly disregarded." *Rodgers v. Watt*, 722 F.2d 456, 459 (9th Cir. 1983).

 It is well settled in the Ninth Circuit that a successful motion for reconsideration must accomplish two goals. First, a motion for reconsideration must demonstrate some reason why the court should reconsider its prior decision. Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *Great Hawaiian Financial Corp. v. Aiu*, 116 F.R.D. 612, 616 (D.Hawai'i 1987) (citations omitted), rev'd on other grounds, 863 F.2d 617 (9th Cir. 1988). Courts have established only three grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the discovery of new evidence not previously available; and (3) the need to correct clear or manifest error in law or fact, to prevent manifest injustice. *Id.* The District of Hawaii has implemented these standards in Local Rule 60.1.

## DISCUSSION

In his Complaint, Plaintiff is attempting to sue the Defendants for allegedly mishandling the Social Security Trust Fund. Plaintiff asserts that Defendants are unlawfully using the assets from the Fund for deficit reduction. In his Complaint, Plaintiff is requesting an injunction to prohibit the sale of I.O.U.'s to the Fund and to prevent the use of the Fund for deficit reduction.

In the December 18 Order, the court dismissed Plaintiff's complaint based on a finding that Plaintiff James H. Osborne lacked standing to bring this lawsuit on behalf of himself and other similarly situated taxpayers. In reviewing the December 18 Order and Plaintiff's motion for reconsideration, the court finds that this conclusion was not clearly erroneous or in manifest disregard of the law.

In order to have standing to sue as a taxpayer, Plaintiff must "establish a logical link between that status and the type of legislative enactment attacked. Thus, a taxpayer will be a proper party to allege the unconstitutionality only of exercises of congressional power under the taxing and spending clause of Art. I, s 8, of the Constitution.... Secondly, the taxpayer must establish a nexus between that status and the precise nature of the constitutional infringement alleged. Under this requirement, the taxpayer must show that the challenged enactment exceeds specific constitutional limitations imposed upon the exercise of the congressional taxing and spending power and not simply that the enactment is generally beyond the powers delegated to Congress by Art. I, s 8. When both nexuses are established, the litigant will have shown a taxpayer's stake·in the outcome of the controversy and will be a proper and appropriate party to invoke a federal court's jurisdiction." *Flast v. Cohen*, 392 U.S. 83, 102–03, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968).

 In this case, Plaintiff is challenging Congress's 1960 Amendment to the Social

Security Act. Plaintiff contends that this Amendment, which allegedly authorizes the federal government to sell I.O.U's to the Social Security Trust Fund and to use the assets of the Fund for deficit reduction, "was obtained by fraudulent and secretive means, without full due process of open meetings, or floor debate, in either the House or Senate...." Exhibit 2, attached to Plaintiff's Response to Defendants' Motion to Dismiss. Plaintiff states that he has been "unable to locate any authority (LAW) that permits Social Security Annual Surplus Funds to be used for deficit-reduction. If such authority exists, I feel that this authority would be unconstitutional, derived by devious means, with due process of law, and should not be allowed to prevail." Exhibit 5, attached to Plaintiff's Response to Defendants' Motion to Dismiss.

Although Plaintiff has asserted that the "selling of I.O.U.'s to the social security trust fund and the use of trust funds for deficit-reduction was an evil scheme," Plaintiff has not alleged that, in enacting the 1960 Amendment, Congress exceeded any specific constitutional limitation on its taxing and spending power. Instead, Plaintiff contends that Congress made a "huge mistake" in passing the 1960 Amendment. Exhibit 9, attached to Plaintiff's Response to Defendants' Motion to Dismiss. Plaintiff's disagreement with Congress's decision to pass the 1960 Amendment does not provide Plaintiff with standing to challenge to the constitutionality of the Amendment. "[A] federal court will not provide a forum to air 'generalized grievances about the conduct of the government.'" *Flast*, 392 U.S. at 106, 88 S.Ct. 1942. Consequently, because Plaintiff has not made any allegation that Congress exceeded a specific constitutional limitation in passing the 1960 Amendment, Plaintiff does not have standing to pursue his claims as a federal taxpayer either on behalf of himself or other similarly situated taxpayers. Accordingly, the court DENIES Plaintiff's Motion for Reconsideration.

## CONCLUSION

For the reasons stated above, the court DENIES Plaintiff's Motion for Reconsideration.

IT IS SO ORDERED.